UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Drew Hutchens,

    Plaintiff,

v.

Well Played Charters LLC, and
Pamela Diane Cole

    Defendants,

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Drew Hutchens sues Well Played Charters LLC, and Pamela Diane Cole for compensatory damages and alleges:

**FACTS COMMON TO ALL COUNTS**

1. Plaintiff is a United States seaman residing in St. Petersburg, Florida. On June 8, 2025, he was employed as a seaman aboard the WELL PLAYED DEUX.

2. At all times material, Pamela Diane Cole was the titled owner of the 42' vessel WELL PLAYED DEUX (Hull ID: SERF7640H900, Official USCG No.: 1109795).

3. At all times material, Well Played Charters LLC employed Plaintiff as a seaman aboard the WELL PLAYED DEUX.

4. At all times material, Well Played Charters LLC acted as the operator of the vessel WELL PLAYED DEUX, by manning, suppling, maintaining, controlling, and operating it; and was Plaintiff's Jones Act employer.

5. At all times material, Well Played Charters LLC's principal place of business was Bradenton, Manatee County, Florda, which is within this district. The vessel was docked in Pinellas County, Florida.

6. At all times material, Michael Cole was the captain of the WELL PLAYED DEUX, had command of the vessel, and supervised Plaintiff.

7. At the time of incident, the captain was at the helm area of the WELL PLAYED DEUX with a clear and unobstructed view of Plaintiff.

8. During anchoring operations at a sandbar at Bunces Pass in St. Petersburg, Florida, the captain ordered the plaintiff to deploy the anchor. The first attempt to anchor was unsuccessful. On the second attempt, and without warning, the captain backed down the vessel while Plaintiff was handling the anchor line at the starboard aft cleat. Plaintiff's left index finger became caught in the line, resulting severe injuries requiring surgery and further medical treatment.

**COUNT I – JONES ACT NEGLIGENCE AGAINST WELL PLAYED CHARTERS**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

9. At all times material, Plaintiff was a seaman employed by Well Played Charters LLC and working as a seaman aboard the WELL PLAYED DEUX within the meaning of 46 U.S.C. § 30104 (commonly known as the Jones Act).

10. Plaintiff brings a claim pursuant to the Jones Act, 46 U.S.C. § 30104.

11. Plaintiff's employer had the duty to provide him with a safe place to work, safe and adequate equipment to do his job, a seaworthy vessel and crew, proper training for him and

other crewmembers, supervision and assistance while completing his work, and safe operational procedures.

12. On June 8, 2025, Plaintiff sustained severe injuries while securing the anchor line to the starboard aft cleat. Despite having full view of Plaintiff handling the line, the captain, backed down the vessel without warning, causing Plaintiff's finger to become caught in the line and mangled. It was the captain' responsibility and duty to provide a safe place to work for his crew and to operate the vessel in a safe manner as to not injure his crew, including plaintiff.

13. Plaintiff's was injured due to the negligence of Well Played Charters LLC, and captain, Michael Cole (the husband of the vessel owner Pamela Diane Cole).

14. Well Played Charters LLC was negligent in one or more of the following ways:

   a. Failing to properly supervise, instruct, and train its personnel in line handling and anchoring operations;

   b. Failing to conduct a job hazard analysis prior to the anchoring operation, as to identify all risks in the evolution, then taking precautions to eliminate or reduce those risks;

   c. Failing implement proper anchoring procedures and clear communication protocols.

   d. Failing to warn plaintiff before maneuvering the vessel to stand clear of the line;

   e. Failing to use safe and established anchoring methods;

   f. Failing to fully inform plaintiff of the planned anchoring procedure on the day of the incident;

    g. Failing to maintain proper and adequate vessel Safety Management System addressing the operations, hazards, and risks to which Plaintiff was exposed.

    h. Failing to provide Plaintiff with proper warnings of known hazards and risks relating to the operation conducted at the time of Plaintiff's injury;

    i. Failing to comply with applicable Coast Guard regulations and accepted maritime safety practices.

15. As a direct and proximate result of Defendant Well Played Charters LLC' negligence, Plaintiff's sustained injuries to his left index finger, requiring hospitalization, surgery, and continued medical treatment.

16. As a result of the injuries, Plaintiff has incurred medical expenses, loss of earnings pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and will incur future loss of earnings/earning potential, loss of found, future medical expenses and future pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff Drew Hutchens demands judgement against Well Played Charters LLC jointly and severally with other defendant, for compensatory damages, prejudgment interest, and post-judgement interest and costs. Plaintiff demands a jury trial.

### COUNT II UNSEAWORTHINESS CLAIM AGAINST PAMELA DIANE COLE

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

17. At all times material, Defendant Pamela Diane Cole was the titled owner of the WELL PLAYED DEUX. As owner she had a non-delegable duty to provide Plaintiff with a seaworthy vessel and crew.

18. Plaintiff brings a claim for unseaworthiness against Pamela Diane Cole for breaching her duty to provide Plaintiff with a seaworthy vessel and crew.

19. A vessel is unseaworthy when its equipment, gear, appurtenance, crew, procedures, or methods of operations are not reasonably fit for their intended purposes.

20. On June 8, 2025, Plaintiff was severely injured when the plaintiff was assisting the captain with anchoring the WELL PLAYED DEUX. Specifically, Plaintiff was injured while trying up the anchor line and the captain, without warning, backed down on the boat causing the line to tighten and injured Plaintiff's hand.

21. On June 8, 2025, the WELL PLAYED DEUX, and its crew were unseaworthy in one or more of the following ways:

    a. Failing to operate the vessel in a safe and proper manner during anchoring;

    b. Failure of the Captain to communicate or warn Plaintiff before maneuvering the vessel;

    c. Failing to have and use safe anchoring procedures on the vessel was unsafe, hazardous, and not consistent with accepted maritime practice;

    d. Failing to train crew in safe line-handling and anchoring operations;

    e. Failing to follow proper anchoring protocols;

    f. The captain failing to supervise during anchoring operations and failing to watch Plaintiff as the captain was maneuvering the vessel;

g. Failing to fully inform plaintiff of the planned anchoring procedure on the day of the incident;

h. Failing to maintain proper and adequate vessel Safety Management System addressing the operations, hazards, and risks to which Plaintiff was exposed.

i. Failing to provide Plaintiff with proper warnings of known hazards and risks relating to the operation conducted at the time of Plaintiff's injury; and

j. Failing to outfit the vessel with equipment, lines, or anchoring setup that were reasonably fit for safe use under the circumstances.

22. As a result of the unseaworthiness of the WELL PLAYED DEUX and her captain, Plaintiff's sustained injuries to his left index finger, requiring hospitalization, surgery, and continued medical treatment.

23. As a result of the injuries, Plaintiff has incurred medical expenses, loss of earnings pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and will incur future loss of earnings/earning potential, loss of found, future medical expenses and future pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff Drew Hutchens demands judgement against Defendant Pamela Diane Cole, jointly and severally with other defendant, for compensatory damages, prejudgment interest, and post-judgement interest and costs. Plaintiff demands a jury trial.

**COUNT III – PUNITIVE DAMAGE CLAIM FOR WILLFUL FAILURE TO PAY A SEAMAN MAINTENANCE AND CURE AGAINST WELL PLAYED CHARTERS, LLC**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

24. Well Played Charters LLC, as Plaintiff's Jones Act employer, has a duty to provide plaintiff with medical care (known as "cure") and maintenance from the time Plaintiff was injured until he reaches maximum cure or maximum medical improvement (MMI).

25. Plaintiff has not reached MMI and is entitled to the payment of maintenance and cure form his employer Well Played Charters LLC until he reaches MMI.

26. Despite demand, Defendant Well Played Charters LLC has refused to pay Plaintiff the maintenance that is owed to him under the general maritime law of the United States.

27. Despite demand, Defendant Well Played Charters LLC has failed to pay Plaintiff the cure that is owed to him under the general maritime law of the United States.

28. The actions of the Defendant Well Played Charters LLC in denying the plaintiff his maintenance and cure, despite Plaintiff's demand for maintenance and cure, have been arbitrary, callous, willful and without regard for the undisputed maritime rights of Plaintiff as a United Sates seaman.

29. Plaintiff has had to hire the undersigned law firm to file this lawsuit to pursue his claim for the willful and arbitrary and capricious failure to pay his maintenance and cure. The undersigned is therefore entitled to recover from the defendant Well Played Charters LLC a reasonable attorney's fee for seeking to enforce Plaintiff's undeniable right to receive a seaman's maintenance and cure.

30. Despite several attempts to get Plaintiff his maintenance and cure paid, the defendant Well Played Charters LLC has denied him this maritime benefit without just cause.

WHEREFORE, Plaintiff Drew Hutchens demands judgement for damages against Defendant Well Played Charters LLC for maintenance and cure, prejudgment interest, and post-judgement interest, attorney's fees, punitive damages, and costs. Plaintiff demands a jury trial.

*/s/ Jacob J. Munch*

JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
WILLIAM W. MUNCH
E-mail: william@munchandmunch.com
Florida Bar Number: 1065075
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff.*